1  Anne Hiaring Hocking, State Bar No. 88639
       anne@hiaringsmith.com
2  Vijay K. Toke, State Bar No. 215079
       vijay@hiaringsmith.com
3  HIARING + SMITH LLP
   101 Lucas Valley Road, Suite 300
4  San Rafael, CA 94903
   Telephone:  (415) 457-2040
5  Facsimile:  (415) 457-2822

6  Attorneys for Plaintiff
   GATE FIVE GROUP LLC dba ROOST

7                                          E-filing

8

9            IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  GATE FIVE GROUP LLC dba ROOST, a        )   Case No.:    CV 10 1288
    California Limited Liability Company,   )
13                                          )
                                            )   **COMPLAINT FOR DAMAGES AND**
14                               Plaintiff, )   **INJUNCTIVE RELIEF FOR:**
                                            )
15      vs.                                 )   **(1)  COPYRIGHT INFRINGEMENT**
                                            )   **(2)  VICARIOUS AND/OR**
16  COSTCO WHOLESALE CORPORATION, a         )        **CONTRIBUTORY**
    Washington Corporation, ZODAX, L.P., a  )        **INFRINGEMENT**
17  limited partnership, and DOES 1-100,    )
                                            )   **DEMAND FOR JURY TRIAL**
18                              Defendants. )

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT
Case No.                           -1-

Plaintiff, GATE FIVE GROUP LLC dba ROOST, through its attorneys Hiaring + Smith LLP, alleges:

## INTRODUCTION

1.      This is a suit for copyright infringement under 17 U.S.C. Sections 101, *et seq.* Jurisdiction of this Court is based upon 28 U.S.C. Section 1338(a) arising from Defendants COSTCO WHOLESALE CORPORATION ("Costco") and ZODAX, L.P.'s ("Zodax") sales of glassware featuring Plaintiff's original designs, which are protected by the Copyright Act throughout the United States, including in the Northern District of California. Plaintiff Gate Five Group LLC dba Roost ("Roost") is a leading innovator in the business of designing, manufacturing, and selling home accessories, including glassware designs. One such glassware design for which Plaintiff has a United States copyright registration is called the "Verglas" design, which consists of an original hand-etched, faceted pattern used to create glassware ("Copyrighted Design"). Plaintiff is the owner of all right, title, and interest in and to the Copyrighted Design.

2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Zodax is a wholesaler of various home accessories, including glassware. Defendant Zodax is reproducing, manufacturing, causing to be manufactured, advertising, offering for sale, and/or selling or did reproduce, manufacture, cause to be manufactured, advertise, offer for sale, and/or sell unauthorized reproductions of Plaintiff's Copyrighted Design on glassware ("Glassware"). Zodax's infringing Glassware is identical, or substantially similar, to Plaintiff's Copyrighted Design. Further, Defendant Zodax sold the infringing Glassware to Defendant Costco, as well as other retailers in the United States, who in turn sold the infringing Glassware to consumers. As alleged below, the reproduction, manufacturing, causing to be manufactured, advertising,

COMPLAINT
Case No.                                            -2-

offering for sale, and selling of the unauthorized and infringing Glassware by Defendants constitutes copyright infringement, entitling Plaintiff to the relief set forth further herein.

## PARTIES

3.    Roost is a private, limited liability company organized under the laws of California with its principal place of business at 200 Gate Five Road, #116, Sausalito, California 94965, and is a creator of modern home furnishings and accessories.

4.    On information and belief, Defendant Costco Wholesale Corporation ("Costco") is a Washington Corporation with its principal place of business located at 999 Lake Drive, Issiquah, Washington 98027. Costco is, and at all times relevant hereto was, doing business in California, including in the Northern District of California.

5.    On information and belief, Defendant Zodax, L.P. ("Zodax") is a limited partnership with its principal place of business located at 14040 Arminta Street, Panorama City, California 91402. Zodax is, and at all times relevant hereto was, doing business in California, including in the Northern District of California.

6.    Plaintiff is informed and believes and thereon alleges that Defendants Does 1 to 100, inclusive, are additional retailers to whom Defendant Zodax sold the infringing Glassware, who in turn advertised, offered for sale, and/or sold the infringing Glassware in California. The true names, whether corporate, individual, or otherwise of Defendants Does 1 to 100 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when they have been ascertained.

7.    Plaintiff is informed and believes and on that basis alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager,

principal, alter-ego, co-conspirator, and/or employee of the remaining Defendants and was at all

times acting within the scope of such agency, affiliation, alter-ego relationship, conspiracy,

and/or employment.  Further, Plaintiff is informed and believes and on that basis alleges that

each of the Defendants actively participated in or subsequently ratified and adopted, or both,

each and all of the acts or conduct alleged herein, with full knowledge of all facts and

circumstances, including but not limited to, full knowledge of each and every violation of

Plaintiff's rights and the damages to Plaintiff proximately cause thereby.

## JURISDICTION

8.     This Court has original jurisdiction under 28 U.S.C. Section 1338(a) arising from

Defendants' acts of copyright infringement against Plaintiff, including the sale of Glassware

featuring and incorporating elements of Plaintiff's original Copyrighted Design.

## VENUE

9.     Venue is proper in this District under 28 U.S.C. Section 1391 because each

Defendant conducts business within this District, the infringement arose within this District, and

Defendants are subject to personal jurisdiction in this District at the time this action is

commenced.

## INTRADISTRICT ASSIGNMENT

10.    Assignment is proper in this division under Civil L.R. 3-2(c) and (d), because a

substantial part of the events giving rise to the claims occurred in Marin County and a substantial

part of the property that is the subject of this action is situated in Marin County.

## FACTUAL ALLEGATIONS

11.    Plaintiff and its principals are leading innovators in the business of designing,

manufacturing, and selling home accessories, including glassware.  Scott Donnellan, Plaintiff's

COMPLAINT
Case No.                                    -4-

founder and its Chief Executive Officer, has been in this line of business for over twenty years and has developed numerous unique home accessories, including glassware designs, individually and collectively referred to as "Products."

12. Plaintiff develops, produces, advertises, and distributes Products throughout the United States under the federally-registered trademark ROOST. Plaintiff has also extensively promoted and caused to be promoted throughout the United States the ROOST name and related trademarks to identify its Products. Plaintiff has committed significant time, effort, and financial resources towards developing and maintaining a reputation for product excellence and for quality and reliability in all phases of the design, production, and/or distribution of its Products. Plaintiff's Products appear in various publications and magazines at dozens of times each month.

13. Two of Plaintiff's principals, Mr. Donnellan and Michael Donaldson, were the original authors and owners of all right, title, and interest in and to the Copyrighted Design, which Plaintiff calls its Verglas glassware design. The Copyrighted Design consists of a unique and original hand-etched, faceted pattern used to create various shapes of glassware. Attached as Exhibit A is a photocopy of a photograph depicting the Verglas collection of glassware embodying the Copyrighted Design.

14. Messrs. Donnellan and Donaldson were issued a United States Copyright Registration, No. VA 1-243-840, on February 26, 2004, for the Copyrighted Design. A true and correct copy of the Copyright Registration is attached as Exhibit B.

15. Messrs. Donnellan and Donaldson authorized Plaintiff to manufacture, advertise, and sell the Copyrighted Design. By agreement effective June 1, 2004, Messrs. Donnellan and Donaldson irrevocably granted, transferred, and assigned to Plaintiff, without reservation, all of their right, title, and interest, including any and all intellectual property in the Copyrighted

Design, which is duly recorded in the Copyright Office.  Attached as Exhibit C is a true and correct copy of the recorded Assignment.  At the times of the acts of infringement complained of herein, Plaintiff owned the copyright in the Copyrighted Designs.

16.     Plaintiff has manufactured the Verglas glassware since 2002 and has invested significant time and sums of money to develop, produce, advertise, and distribute the Verglas glassware.  The most popular style of glass in Plaintiff's copyrighted Verglas glassware collection is a "martini" style glass featuring a unique, conically shaped solid glass base with an original hand-etched, faceted pattern under a clear glass bowl.

17.     Upon information and belief, Defendants are reproducing, manufacturing, causing to be manufactured, advertising, offering for sale, and/or selling or did reproduce, manufacture, cause to be manufactured, advertise, offer for sale, and/or sell unauthorized reproductions of Plaintiff's Copyrighted Design on infringing Glassware.  The infringing Glassware is a "martini" style glass, which features an etched, conically shaped glass base under a clear glass bowl that is identical, or substantially similar, to Plaintiff's Copyrighted Design.  Attached as Exhibit D are photocopies of photographs of the unauthorized Glassware. Attached as Exhibit E is a photocopy of a photograph depicting the "martini" glass style of Plaintiff's Copyrighted Design.

18.     In or about July 2009, Defendant Zodax displayed the infringing Glassware at its Atlanta showroom, which is the first time that Plaintiff learned about Defendant Zodax's unauthorized reproduction and sale of Plaintiff's Copyrighted Design.  Plaintiff subsequently contacted the principal of Defendant Zodax to attempt an amicable resolution over the infringing Glassware, which were unsuccessful.  Subsequent to July 2009, Plaintiff received customer and sales representative inquiries and complaints that Defendant Costco was also selling the infringing Glassware.

19.     By letter dated December 21, 2009, counsel for Plaintiff protested the infringement of its Copyrighted Design by Defendant Costco. A true and correct copy of that letter is attached as Exhibit F.

20.     By letter dated January 20, 2010, counsel for Defendants responded to Plaintiff's December 21, 2009 letter regarding the sale of the infringing Glassware. Attached as Exhibit G is a true and correct copy of that letter. In an attempt to resolve this matter informally, further discussion and exchange of correspondence with Defendants' counsel ensued but without success.

21.     Upon information and belief, Defendants have infringed and/or are continuing to infringe on Plaintiff's Copyrighted Design by reproducing, manufacturing, causing to be manufactured, offering for sale, distributing, selling, displaying, and/or advertising, without Plaintiff's consent, the infringing Glassware. Defendants' infringing Glassware is an identical copy of, or is substantially similar to, Plaintiff's proprietary Copyrighted Design as embodied on its Verglas glassware and infringes its copyrighted work.

22.     Neither of the Defendants, nor any of Defendants' agents or employees, asked for or received permission from Plaintiff or any agent for Plaintiff to reproduce its original Copyrighted Design. Plaintiff also did not license or authorize Defendants to reproduce, adapt, and/or display Plaintiff's Copyrighted Design. Neither did Plaintiff license or authorize Defendants to reproduce, manufacture, cause to be manufactured, distribute, advertise, sell, or offer the infringing reproductions for sale. The manufacture, reproduction, distribution, advertisement, offering, and sale of Defendants' Glassware infringing Plaintiff's Copyrighted Design were therefore unauthorized.

23.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights.  Defendants' knowledge and intent are established by the following facts:

(a)     Defendants have neither sought nor obtained a licensing agreement from Plaintiff.

(b)     Despite notice given to Defendant Zodax of the infringement of Plaintiff's Copyrighted Design by Defendant Zodax's Glassware and Defendant Zodax's liability under the United States Copyright Act, Plaintiff is informed and believes and on that basis alleges that Defendant Zodax continued to advertise, display, and sell the infringing Glassware to many of its customers.

(c)     The refusal to cooperate with counsel for Plaintiff in resolving the dispute, necessitating the expenditure of additional counsel fees by Plaintiff and the expenditure of this Court's time and resources.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

(Against All Defendants)

24.     Plaintiff realleges and incorporates each of the allegations in the preceding paragraphs of this Complaint by reference as though fully set forth herein.

25.     Plaintiff owns a valid and enforceable copyright in the Copyrighted Design, which is a creative work of original authorship by Plaintiff.  Plaintiff has complied in all respects with the copyright laws of the United States and is the exclusive owner of the copyright to the Copyrighted Design, including the rights infringed by Defendants (see Exhibits B and C hereto).

26.     Defendants' Glassware is an identical copy of, or is substantially similar to, Plaintiff's proprietary Copyrighted Design as embodied on its Verglas glassware and infringes its copyrighted work.  Upon information and belief, Defendants are reproducing, manufacturing, causing to be manufactured, advertising, offering for sale, and/or selling or did reproduce, manufacture, cause to be manufactured, advertise, offer for sale, and/or sell unauthorized reproductions of Plaintiff's Copyrighted Design with their infringing Glassware.

27.     Neither of the Defendants, nor any of Defendants' agents or employees, asked for or received permission from Plaintiff or any agent for Plaintiff to reproduce, manufacture, cause to be manufactured, advertise, offer for sale, or sell its original Copyrighted Design on their infringing Glassware.  The reproduction, manufacture, causing to be manufactured, advertising, offering for sale, and sale of Defendants' infringing Glassware was therefore not authorized by Plaintiff.

28.     Plaintiff did not license or authorize Defendants to reproduce, adapt, and/or display Plaintiff's Copyrighted Design.  Neither did Plaintiff license nor authorize Defendants to manufacture, distribute, advertise, sell, or offer the infringing Glassware for sale.

29.     Through the acts alleged above, Defendants have violated Plaintiff's exclusive right to reproduce and make copies of its Copyrighted Design by either reproducing, manufacturing, and/or causing to be reproduced or manufactured the infringing Glassware, in violation of 17 U.S.C. Section 106.

30.     Defendants have also violated Plaintiff's right to control distribution, creation of derivative works, and public display of its copyrighted works by reproducing, manufacturing, causing to be manufactured, offering for sale, distributing, selling, displaying, and/or advertising, without Plaintiff's consent, the infringing Glassware, in violation of 17 U.S.C. Section 106.

31.   In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights.  Defendants' knowledge and intent are established by the following facts:

(a)   Defendants have neither sought nor obtained a licensing agreement from Plaintiff.

(b)   Despite notice given to Defendant Zodax of the infringement of Plaintiff's Copyrighted Design by Defendant Zodax's Glassware and Defendant Zodax's liability under the United States Copyright Act, Plaintiff is informed and believes and on that basis alleges that Defendant Zodax continued to advertise, display, and sell the infringing Glassware without permission to many of its customers through 2009.

(c)   The refusal to cooperate with counsel for Plaintiff in resolving the dispute, necessitating the expenditure of additional counsel fees by Plaintiff and the expenditure of this Court's time and resources.

32.   Due to Defendants' infringing acts alleged herein, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

33.   The infringing acts of Defendants have resulted in direct and indirect profits to them from sales that are attributable to the Copyrighted Design on the infringing Glassware, which profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrighted Design.  As such, such profits should be accounted for, and Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's Copyrighted Design in an amount to be established at trial.

34.   Further, given the fact that Defendants' infringement of Plaintiff's Copyrighted Design was intentional, as alleged herein, Defendants, and each of them, are liable for statutory

COMPLAINT
Case No.                                          -10-

damages under 17 U.S.C. Section 504(c)(2) in the sum of one-hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

35.    Defendants' infringement of Plaintiff's Copyrighted Design has also caused Plaintiff irreparable injury. Unless restrained and enjoined, Defendants will continue to commit such acts. Plaintiff's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by 17 U.S.C. Section 502, and an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. Section 503.

## SECOND CLAIM FOR RELIEF

### Vicarious and/or Contributory Copyright Infringement

### (Against All Defendants)

36.    Plaintiff realleges and incorporates each of the allegations in the preceding paragraphs of this Complaint by reference as though fully set forth herein.

37.    Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of infringing Glassware featuring Plaintiff's Copyrighted Design, as alleged above.

38.    Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

39.     By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

40.     The infringing acts of Defendants have resulted in direct and indirect profits to them from sales that are attributable to the Copyrighted Design on the infringing Glassware, which profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrighted Design.  As such, such profits should be accounted for, and Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's Copyrighted Design in an amount to be established at trial.

41.     Further, given the fact that Defendants' infringement of Plaintiff's Copyrighted Design was intentional, as alleged herein, Defendants, and each of them, are liable for statutory damages under 17 U.S.C. Section 504(c)(2) in the sum of one-hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

42.     Defendants' infringement of Plaintiff's Copyrighted Design has also caused Plaintiff irreparable injury.  Unless restrained and enjoined, Defendants will continue to commit such acts.  Plaintiff's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by 17 U.S.C. Section 502, and an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. Section 503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows as to all Defendants with respect to each claim for relief:

I.     That Defendants, and each of them, and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from advertising, selling, or otherwise infringing Plaintiff's Copyrighted Design;

II.     That all infringing Glassware be impounded and destroyed pursuant to 17 U.S.C. Section 503;

III.     That Defendants, and each of them, be ordered to undergo an accounting of all of their indirect and direct profits from the sales of the infringing Glassware;

IV.     That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. Section 504;

V.     That Plaintiff be awarded its costs and attorney fees as available under the Copyright Act, 17 U.S.C. Section 505;

VI.     The Plaintiff be awarded pre-judgment interest as allowed by law;

VII.     That Plaintiff be awarded such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  March 26, 2010

HIARING + SMITH LLP

By: _____
Anne Hiaring Hocking
Vijay K. Toke
Attorneys for Plaintiff GATE FIVE
GROUP LLC dba Roost

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims for relief herein on all issues that are properly triable to a jury.

Respectfully submitted,

DATED:  March 26, 2010

HIARING + SMITH LLP

By: _____
Anne Hiaring Hocking
Vijay K. Toke
Attorneys for Plaintiff GATE FIVE
GROUP LLC dba Roost